## Trigg, Sheriff, et al. v. Henderson Cotton Mills, et al.

(Decided November 8, 1917.)

### Appeal from Henderson Circuit Court.

Taxation—Drainage Tax—Special Assessment—Municipal Tax—Double Taxation.—Where property specially benefited by the construction and maintenance of a ditch, is subsequently annexed to an adjoining city, the levy by the Board of Drainage Commissioners of a special benefit tax on the property benefited for the purpose of maintaining the ditch, and the levy by the city of a general tax to discharge its statutory obligation to contribute to the maintenance

of the ditch because of general benefits to the city as a whole, do not constitute double taxation.

YEAMAN & YEAMAN for appellants.

JOHN C. WORSHAM for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The Henderson Cotton Mills and the Henderson Wagon Works, brought separate suits against the sheriff of Henderson county, and the Board of Drainage Commissioners of that county, to enjoin the collection of certain taxes levied for the maintenance of ''Sellars Ditch.'' By agreement of the parties the cases were consolidated. The demurrers of the defendants to the petition were then overruled, and defendants having declined to plead further, judgment was rendered in favor of plaintiffs. Defendants appeal.

It appears from the petitions that Sellars Ditch was constructed in Henderson county under the Drainage Act of March 23, 1900. The property of plaintiffs was assessed for the construction of the ditch; that of the Henderson Cotton Mills in the sum of $116.74 and a further sum of $28.19, and that of the Henderson Wagon Works in the sum of $350.22. At the same time an assessment of $3,502.20 was made on the city of Henderson on account of the estimated benefit of the ditch to it and its citizens. At that time the property of each of the plaintiffs lay outside of but adjoining the corporate limits of the city of Henderson. In the year 1905, the limits of the city were extended so as to include the property of plaintiffs. In the year 1915, the Board of Drainage Commissioners assessed the Henderson Cotton Mills in the sum of $14.48; the Henderson Wagon Works in the sum of $35.02; and the city of Henderson in the sum of $350.22, for the maintenance of the ditch for the year 1915. The city levied a tax on all the property therein for the purpose of paying its assessment. This tax was paid by plaintiffs and its payment is pleaded as a bar to defendants' right to collect the special assessment made against their specific property for the maintenance of the ditch in question.

In support of the judgment below, it is argued that the property of plaintiffs cannot be taxed twice for the same purpose and as they have satisfied their part of the tax levied by the city of Henderson for the maintenance

of the ditch, they are no longer liable for the specific tax levied against their property for the same purpose. This contention overlooks entirely the statutory basis for the imposition of the two taxes. One tax was imposed by the Board of Drainage Commissioners because of special benefits to the property. The other tax was imposed by the city itself, not because of any special benefits to the property taxed, but to discharge its statutory obligations to contribute towards the maintenance of the ditch, because of general benefits resulting to the city as a whole and enjoyed alike by all its citizens. When the limits of the city were extended so as to include the property of plaintiffs, the special benefits resulting to their property from the construction and maintenance of the ditch were not extinguished or diminished, but continued unimpaired. The only effect of the annexation was to make the property subject to taxation by the city for its proportion of all municipal indebtedness then existing or subsequently contracted. Pence v. Frankfort, 101 Ky. 534, 41 S. W. 1011. Thereupon the property in question stood in precisely the same attitude towards the tax levied by the city for the purpose of discharging its liability to contribute to the maintenance of the ditch, as other property in the city not specially benefited by the improvement. It will thus be seen that the liability of the property to pay the two taxes grows out of separate and distinct obligations, the one to pay the special benefits, the other to pay its part of the general benefits resulting to the city as a whole. Hence, the payment of the tax levied by the city is no part of the price payable for the special benefits resulting from the construction and maintenance of the improvement, and the imposition of the two taxes cannot be regarded as double taxation. This conclusion finds support in the recent case of Wickliffe, et al., v. City of Greenville, et al., 170 Ky. 528, 186 S. W. 476. There the statute authorized the city of Greenville, a city of the fifth class, to improve its streets and to apportion the cost between the city and the property benefited. It was held that the levy of the improvement tax on the property specially benefited, and of a general tax by the city to defray bonds issued to cover the city's portion of the cost of the improvement, did not constitute double taxation. It follows that the demurrers to the petition should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.