# Henderson Cotton Mills v. Trigg, Sheriff of Henderson County.

(Decided February 8, 1921.)

## Appeal from Henderson Circuit Court.

1. Drains—Special Benefits.—Special benefits arising from the construction of a ditch for which a landowner may be assessed, as distinguished from general benefits for which he may not be assessed, are those which increase the value of the land, relieve it from a burden, or make it especially adapted to a purpose which enhances its value.

2. Judgment—Drains—Conclusiveness—Matters Concluded.—Where in the original proceeding it was finally adjudged that the establishment of a ditch was a benefit to plaintiff's land, the judgment is res judicata as to that question in a subsequent attack on an assessment to maintain the ditch, unless it be made to appear that since its establishment the ditch has been so changed or altered by official action taken pursuant to legislative authority that the original benefits no longer exist.

JOHN C. WORSHAM for appellant.

JOHN L. DORSEY, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 177 Ky. 613, 197 S. W. 1074, under the title of Trigg, Sheriff, et. al. v. Henderson Cotton Mills, et. al.

The suit was brought against the sheriff of Henderson county and the board of drainage commissioners to enjoin the collection of certain taxes levied for the maintenance of "Sellars Ditch." It appears from the original petition that the ditch was constructed under the drainage act of March 23, 1900, and the property of the Henderson Cotton Mills was assessed in the sum of $116.74, while a further assessment of $3,502.20 was made on the city of Henderson because of the benefits to the city and its citizens. At that time the property

of plaintiff lay outside of, but adjoining, the corporate limits of the city. In the year 1905, the limits of the city were extended so as to include the property of plaintiff. In the year 1915, the board of drainage commissioners assessed plaintiff in the sum of $11.67, and the city of Henderson in the sum of $350.22, for the maintenance of the ditch for the year 1915. The city levied a tax on all property therein for the purpose of paying its assessment. Plaintiff paid its part of this tax and pleaded its payment as a bar to the collection of the special assessment made against its property for the maintenance of the ditch. Judgment was rendered enjoining the defendants from collecting the special assessment. On appeal the judgment was reversed, the court holding that the liability of the property to pay the two taxes grew out of separate and distinct obligations, the one to pay the special benefits, the other to pay its part of the general benefits resulting to the city as a whole, and that the imposition of the two taxes did not constitute double taxation.

On the return of the case plaintiff filed an amended petition pleading in substance that, prior to the annexation to the city of the territory including plaintiff's property, plaintiff had a private sewer leading from its property and emptying into Canoe Creek; that the entire drainage of plaintiff's lands, which were assessed for the original construction of "Sellars Ditch," was through such private sewer; that following the annexation of plaintiff's property the city took over, and has since maintained, the sewer as a part of the sewerage system of the city; and that since that time plaintiff's property has had no drainage into Canoe Creek independent of, or separate from, the sewers of the city, and has received no special benefit from Canoe Creek or the "Sellars Ditch." A demurrer was sustained to the petition as amended and the petition dismissed. Plaintiff appeals.

It is insisted that the demurrer to the amended petition should have been overruled for the following reasons: Special assessments can only be sustained on the ground that the property assessed receives special benefits in addition to those received by the community at large, and inasmuch as all the citizens of the city of Henderson are sharing the use of the sewer leading from the property in question, the property is receiving

no benefit that is not enjoyed by others. It must not be overlooked that special benefits arising from the construction of a ditch for which a landowner may be assessed, as distinguished from general benefits for which he may not be assessed, are those which increase the value of the land, relieve it from a burden, or make it especially adapted to a purpose which enhances its value. Pipes v. Hand, 104 Ind. 503, 1 N. E. 871, 4 N. E. 160; Dodge County v. Acom, 61 Neb. 376. 85 N. W. 292; 9 R. C. L., p. 664. In the original proceeding it was finally adjudged that the establishment of the ditch was a benefit to plaintiff's land, and the judgment therein rendered is *res judicata* as to that question in a subsequent attack on an assessment to maintain the ditch, Book, et al. v. Trigg, et al. 186 Ky. 664, 217 S. W. 1013; Williams v. Wedding, 165 Ky. 361, 176 S. W. 1176, unless it be made to appear that since its establishment the ditch has been so changed or altered by official action taken pursuant to legislative authority that the original benefits no longer exist. Here no such change or alteration in the ditch is relied on. On the contrary the ditch is the same as when first established, and still affords an outlet for the drainage from plaintiff's land. That being true, the special benefits still continue, notwithstanding the fact that plaintiff has permitted others to share the sewer leading from his land to the ditch. It follows that the demurrer to the amended petition was properly sustained.

Judgment affirmed.